UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CARLISLE DAVIS,<br><br>    Petitioner,<br><br>    v.<br><br>SCOTT KERNAN,<br><br>    Respondent. | No. 2:18-cv-01996-JAM-CKD-P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se in this federal habeas corpus action filed pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss petitioner's federal habeas corpus application on the basis that it is barred by the statute of limitations. ECF No. 8. Petitioner has filed an opposition to the motion. See ECF No. 26. For the reasons discussed below, the court recommends that the motion to dismiss be granted and petitioner's application for federal habeas corpus relief be dismissed with prejudice as time barred.

**I.    Factual and Procedural History**

Petitioner was convicted of assault with a firearm and battery with serious bodily injury following a jury trial in the Solano County Superior Court. Based on sentencing enhancements for inflicting great bodily injury and the personal use of a firearm, petitioner was sentenced to 10 years in prison on December 18, 2013. The California Court of Appeal affirmed petitioner's

1

conviction on June 27, 2016.  See ECF No. 18-1.  Petitioner did not file a petition for review in the California Supreme Court.

The instant federal habeas corpus petition was filed on July 16, 2018 using the prison mailbox rule.  See ECF No. 1 at 13; Houston v. Lack, 487 U.S. 266 (1988) (establishing the prison mailbox rule to determine the filing date for pleadings filed by inmates).  Before the court could screen this habeas application, petitioner filed a first amended § 2254 petition on July 23, 2018 which was ordered served on respondent on July 30, 2018.  In his amended federal habeas application, petitioner raises three claims for relief.  He first asserts that the sentencing court gave him credits on the actual days served in custody, but failed to award him conduct credits.  ECF No. 3 at 8.  He next alleges that he received ineffective assistance of counsel based on his attorney's failure to object to the trial court's order of presentence credits.  ECF No. 3 at 9.  Lastly, "[p]etitioner request[s] an ex parte motion for an order correcting pre-sentence custody credits (nunc pro tunc) under Penal Code § 4019.  ECF No. 3 at 12.

On December 20, 2018, respondent filed a motion to dismiss petitioner's § 2254 petition on two separate and independent grounds.  ECF No. 18.  Respondent first asserts that petitioner's habeas application is time barred because the statute of limitations expired on August 6, 2017 and petitioner's federal habeas application was not filed until July 16, 2018.  ECF No. 18.  Therefore, according to respondent's calculation, the instant federal habeas petition was filed almost one year late and should be dismissed with prejudice.  Id. at 2-3.  Alternatively, respondent asserts that petitioner's federal habeas claims are unexhausted since he failed to present them either on direct or collateral review to the California Supreme Court.  ECF No. 18 at 3-4.   As a result, the claims should be dismissed.  Id. at 4.[1]

Following two extensions of time, petitioner filed a voluminous opposition to respondent's motion to dismiss.  ECF No. 26.  Petitioner's opposition is a scattershot pleading consisting mainly of random exhibits including medical records from 2010, petitioner's edited criminal history, sporadic excerpts from the trial transcripts, state sentencing laws, new

---

[1] Although respondent does not make it clear, any unexhausted claims in a federal habeas petition would be subject to dismissal without prejudice.

allegations that petitioner's trial counsel was ineffective, the court reporter's certifications of the trial transcript, and CDCR disability accommodations for petitioner who is deaf and mobility impaired. See ECF No. 26 at 3-151.

Liberally construing petitioner's filings he appears to request equitable tolling on the basis that his appellate attorney abandoned him by not filing a petition for review in the California Supreme Court.[2] See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (applying the liberal construction rule to pro se habeas pleadings). In support thereof, petitioner submitted a letter from his appellate lawyer dated July 5, 2016 indicating that she "will certainly file a petition for review… by August 5, 2016 and you will receive a copy of it." ECF No. 26 at 70. However, petitioner also submitted a subsequent letter from appellate counsel dated July 26, 2018 explaining that in her opinion "a petition to the [California] Supreme Court would be futile." ECF No. 13 at 49. In this same letter, appellate counsel informs petitioner of the deadline for filing a petition for review in the California Supreme Court as well as the procedure for filing one complete round of state habeas review. ECF No. 13 at 50. More importantly, appellate counsel also explained the general rules regarding the timeliness of filing a federal habeas petition. Id. In response to petitioner's complaints that appellate counsel abruptly stopped his appeal and sent him his transcripts, petitioner was also provided "a writ of habeas corpus petition form with instructions for your ineffective assistance of counsel claim" from the First District Appellate Project on or about March 1, 2017. ECF No. 13 at 48.

**II.    Legal Standards**

    **A. Statute of Limitations**

Section 2244(d) (1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. The one-year clock commences from several alternative triggering dates which are described as:

> "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] The court has not considered petitioner's exhibits pertaining to the exhaustion of state court remedies since these Findings and Recommendations are limited to the timeliness of petitioner's federal habeas corpus application.

3

>(B) the date on which the impediment to filing ... is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court ... and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2244(d)(1).

### B. Statutory Tolling

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000). The statute of limitations is not tolled from the time when a direct appeal in state court becomes final to the time when the first state habeas petition is filed because there is nothing "pending" during that interval. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Moreover, the tolling provision of § 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitations period once it has expired (i.e., restart the clock to zero). Thus, a state court habeas petition filed after the expiration of AEDPA's statute of limitations does not toll the limitations period under § 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

### C. Equitable Tolling

A court may equitably toll the statute of limitations if petitioner demonstrates: 1) the existence of an "extraordinary circumstance" that prevented him from timely filing; and, 2) that notwithstanding such an impediment he was diligently pursuing relief. See Holland v. Florida, 560 U.S. 631, 649 (2010). The Supreme Court has further clarified that the diligence required to establish entitlement to equitable tolling is not "'maximum feasible diligence'" but rather only "'reasonable diligence.'" Holland, 560 U.S. at 653 (citations omitted). However, the Ninth Circuit has cautioned that "the threshold necessary to trigger equitable tolling ... is very high, lest

4

the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal citations and quotations omitted). Additionally, petitioner must demonstrate the causal relationship between the extraordinary circumstance and the untimely filing. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). With respect to equitable tolling, "the statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014)).

**III.     Analysis**

In the instant case, petitioner's conviction became final on August 6, 2016 following the expiration of time to file a petition for review in the California Supreme Court. See 28 U.S.C. § 2244(d)(1)(A)(noting that the statute of limitations commences from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); see also Cal. Rules of Court 8. 366(b), 8.500(e). The federal statute of limitations commenced the next day and expired one year later on **August 6, 2017**, absent any statutory or equitable tolling.

The court has independently reviewed the exhibits attached to petitioner's amended federal habeas application, his supplemental brief filed on September 7, 2018, as well as the exhibits attached to his opposition. These documents reveal that petitioner filed a state habeas corpus petition in the Solano County Superior Court on November 26, 2017.[3] See ECF No. 13 at 66; ECF No. 26 at 45. The Solano County Superior Court denied this habeas petition on February 1, 2018. ECF No. 26 at 30-31. Petitioner is not entitled to any statutory tolling during the pendency of this state habeas petition because the statute of limitations had already expired by the date that it was filed.[4] See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding

---

[3] The letter indicates that the petition was filed in the Clerk's Office on December 4, 2017 but signed by petitioner on November 26, 2017. ECF No. 13 at 66. Therefore, the court has utilized the signature date as the constructive filing date in accordance with the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988).

[4] Likewise, petitioner's Marsden motion for substitution of counsel filed in the Solano County

5

that a state habeas corpus petition filed after the expiration of the statute of limitations does not revive it). Therefore, petitioner's federal habeas petition remains untimely filed absent equitable tolling.

The court finds that appellate counsel's failure to file a petition for review in the California Supreme Court does not justify equitably tolling the statute of limitations. First and foremost, appellate counsel's conduct does not constitute an "extraordinary circumstance" justifying equitable tolling. Although petitioner faults appellate counsel for abruptly dropping his appeal, the record demonstrates that counsel notified petitioner of her decision not to file a "futile" appeal in the California Supreme Court before the deadline for doing so had passed. ECF No. 13 at 49-50. Petitioner could have filed a timely pro se petition for review in the California Supreme Court especially since appellate counsel returned the record on appeal to petitioner with the same letter. Id. Appellate counsel's prompt communication with petitioner and timely return of the trial transcripts does not come close to the type of attorney misconduct deemed an extraordinary circumstance justifying equitable tolling. Compare Spitsyn, 345 F.3d at 800-802 (finding that "extraordinary circumstances" may warrant tolling where lawyer denied client access to files, failed to prepare a petition, and did not respond to his client's communications); and Jones v. Henry, 460 Fed. Appx. 717, 720 (9th Cir. 2011) (unpub.) (granting equitable tolling based on attorney's misconduct in misleading his client "into believing that he was appealing her sentence and that her rights were being pursued; fail[ing] to file an appeal, let alone a timely one; fil[ing] an untimely and improper collateral challenge in the California Supreme Court; falsely le[a]d[ing] Jones to believe that this challenge tolled AEDPA's statute of limitations; and fail[ing] to promptly send Jones the documents that she requested to prepare her federal habeas petition immediately after her state habeas petition was denied."). In this case, appellate counsel's conduct does not even rise to the level of garden variety negligence which the Supreme Court has

Superior Court on September 27, 2017 does not toll the federal statute of limitations even if it could be construed as "an application for State post-conviction or other collateral review with respect to the pertinent judgment…." ECF No. 26 at 39; see 28 U.S.C. § 2244(d)(2). The Marsden motion was denied by the trial court on December 19, 2017. See ECF No. 26 at 36-37.

6

found insufficient to justify equitable tolling. See Holland v. Florida, 560 U.S. at 652. As a result, equitable tolling is not warranted in this case.

Additionally, the court finds that petitioner has failed to demonstrate diligence to support his request for equitable tolling. See Spitsyn, 345 F.3d at 802. "'[I]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file, after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken.'" Spitsyn, 345 F.3d at 802 (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)). This is fatal to petitioner's equitable tolling request because he has the burden of demonstrating reasonable diligence. See Holland v. Florida, 560 U.S. at 649. In this case the record demonstrates that during the relevant time period in which the statute of limitations was running petitioner was pursuing a bar complaint against his trial attorney and filing various motions to obtain sentencing credits by amending the abstract of judgment. See e.g., ECF No. 13 at 61-65; ECF No. 26 at 33, 64-65. Nothing in the voluminous exhibits filed by petitioner demonstrate that he was diligently attempting to file a federal habeas challenge to his conviction during this same time period. See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1013-1014 (9th Cir. 2009) (finding that a prisoner who filed his federal habeas petition 11 months late was not diligent in filing his federal habeas petition); see also Doe v. Busby, 661 F.3d 1001, 1012-15 (9th Cir. 2010) (discussing reasonable diligence in the case of "utterly deficient and unprofessional" attorney misconduct). Accordingly, petitioner is not entitled to any equitable tolling of the statute of limitations that would render his federal habeas application timely filed.[5]

For these reasons, the undersigned recommends granting respondent's motion and dismissing petitioner's federal habeas application with prejudice as barred by the statute of limitations.

/////

////

---

[5] Based on this recommendation which, if adopted by the district court judge, will result in a dismissal with prejudice, the court finds it unnecessary to rule on respondent's alternative argument that petitioner's habeas petition is unexhausted.

### IV. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing the motion to dismiss and the arguments made in opposition, the undersigned has determined that you filed your federal habeas petition too late. The court reached this conclusion in large part because none of the post-conviction challenges that you filed in state court paused the time period for filing your federal habeas petition in this court. The one-year federal statute of limitations had already passed by the time you filed any state habeas petition challenging your conviction. As a result, the claims raised in the habeas petition will not be addressed on the merits and it is recommended that your habeas petition be dismissed with prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 18) be granted; and,
2. Petitioner's first amended application for a writ of habeas corpus (ECF No. 3) be dismissed with prejudice as barred by the statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v.

McDaniel, 529 U.S. 473, 484 (2000)).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 26, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/davi1996.mtd.sol.docx